## NICHOLAS MARTIN *et al.*

*v.*

## THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD CO.

*Opinion filed February 21, 1906.*

1. JURISDICTION—*jurisdiction acquired by general appearance not lost by subsequent special appearance.* Jurisdiction of the person of a defendant in a condemnation proceeding who made a motion for a separate trial without limiting his appearance, is not lost by the fact that he afterwards enters a special appearance and moves to dismiss the petition and files a plea to the jurisdiction.

2. SAME—*when court has jurisdiction of condemnation petition.* Failure of a condemnation petition to allege that the petitioner had located its line of railroad over the land of the defendant does not deprive the county court of jurisdiction of the subject matter, and it may permit the petition to be amended to state the omitted fact.

3. PLEADING—*when plea to jurisdiction cannot be entertained.* A plea to the jurisdiction based upon the same grounds as were urged in support of a motion to dismiss, which was overruled, can not be entertained.

4. EMINENT DOMAIN—*reasons for separate trial should be presented in some proper form.* In order to enable the trial court to understandingly exercise its discretion as to granting a separate jury trial in condemnation, the reasons for a separate trial should be presented in some proper form and preserved for consideration of a court of review, so that the court may see whether refusal to grant a separate trial has resulted in injury, otherwise it will be presumed the discretion of the trial court was properly exercised.

5. SAME—*separate parcels owned by different parties may be included in petition.* To justify including separate parcels of land in one condemnation petition it is not necessary that the parcels be owned by the same person.

6. SAME—*what is not a reason why separate trial is a matter of right.* Separate trial in condemnation is not a matter of right because of the alleged fact that the owner of a small tract of land, if he was the only person desiring to appeal, would be practically debarred of that right because of the expense of including in the record evidence as to the other tracts, since his bill of exceptions need not necessarily contain evidence relating exclusively to other tracts.

7. SAME—*when evidence of recent sales is not material.* In condemnation of an unsubdivided tract of land, evidence as to what certain lots in a subdivided tract in the vicinity of the defendant's land had sold for is not material.

8. SAME—*rule as to considering adaptability of land for sub-division.* The rule that if land commands a higher market value because of its supposed adaptability for subdivision that fact should be considered in estimating damages, does not mean that unsubdivided land must be valued at what it might be worth after subdivision.

9. SAME—*when refusal to admit plan of subdivision is not error.* If oral testimony as to the adaptability of unsubdivided land for subdivision has been admitted, it is not error to refuse to admit in evidence a plan of the witness showing a certain manner in which the land might be subdivided.

10. APPEALS AND ERRORS—*record should show at whose request instructions were given.* Alleged errors in instructions given in a condemnation case will not be considered where neither the record nor the abstract shows at whose instance the instructions were given, leaving that matter wholly to conjecture.

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

A. B. JENKS, and REUBEN W. COON, for appellants.

F. S. MUNRO, and A. J. MULLEN, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellee filed a petition in the county court of Lake county to condemn a right of way over twenty-six tracts of real estate, but before the trial the petition was dismissed as to all except eight tracts, each of the appellants being the owner of one of these eight tracts. The appellant Martin's tract contained a little more than fifteen acres, of which it was sought to condemn 1.31 acres. The appellant Peabody's tract contained nearly ninety acres, of which it was sought to condemn four and one-half acres. The jury allowed $2000 as compensation for the strip taken from Martin's tract and found that there was no damage to the remainder of the tract, and allowed $2700 as compensation for the strip taken from Peabody's tract and assessed the damages to the remainder of that tract at $555. Numerous errors are assigned by the appellants, but the only points argued, and therefore

the only points requiring consideration, are these: The refusal to dismiss the proceeding as to the Martin tract for want of jurisdiction and allowing the petition to be amended; the refusal to grant the appellants separate trials; the refusal to admit proper evidence offered by the appellants; the refusal to grant a new trial on the ground that the verdict was against the evidence; and the alleged errors in giving fourteen of the instructions.

*First*—The petition describes the strip of the Martin tract sought to be condemned and mentions the appellant Martin as interested therein as owner, but fails to state that the petitioner had located its line of railroad over the said strip. The appellant Martin made a motion to dismiss the petition as to his tract on this ground, and afterwards filed what is called in the argument a plea to the jurisdiction on the same ground. The court permitted the petitioner to amend the petition by inserting therein a proper allegation of the location of the road over the strip. It is contended that the court had no power to permit this amendment to be made; that the allegation of the location of the road was jurisdictional; that the motion to dismiss should have been sustained, and that the error was not waived by the subsequent contest as to damages before the jury.

There can be no question as to the jurisdiction of the person of the appellant Martin, for the reason that he made a motion for a separate jury trial without limiting his appearance, which brought him personally before the court for all the purposes of this proceeding. The fact that he *afterwards*, as the record shows, entered a special appearance and moved the court to dismiss the petition, and *afterwards* filed the so-called plea to the jurisdiction, does not deprive the court of the jurisdiction to his person acquired by his general appearance theretofore entered in moving for a separate jury trial.

There can be no question that the county court has jurisdiction of the subject matter of condemnation proceedings.

The alleged want of jurisdiction consists merely in the failure to allege a fact necessary to the maintenance of the proceeding. This is no more of a jurisdictional matter than the failure to allege negligence on the part of the defendant in a personal injury suit or to allege who are the next of kin where such an injury has resulted in death, all of which omissions may be cured by amendment where the Statute of Limitations is not involved. The Eminent Domain act expressly provides that amendments to the petition, or to any paper of record in the cause, may be permitted whenever necessary to a fair trial and final determination of the questions involved. Under this statute we hold that the court had the power to permit the petition to be amended, and that upon such amendment being made the court properly overruled the motion to dismiss and disregarded the so-called plea to the jurisdiction. In fact, the latter alleges no facts except those appearing upon the face of the petition, and is more like a demurrer than a plea to the jurisdiction. No issues of fact were joined upon the same. After a motion to dismiss has been overruled, a plea to the jurisdiction on the same ground ought not to be entertained. *Grand Lodge Brotherhood of Locomotive Firemen* v. *Cramer,* 164 Ill. 9; *Union Nat. Bank* v. *First Nat. Bank,* 90 id. 56; *Holloway* v. *Freeman,* 22 id. 197.

*Second*—Each of the appellants made a motion for a separate jury trial, but neither of them presented any showing whatever on the subject. The Eminent Domain act provides that any number of separate parcels of property situate in the same county may be included in one petition, and that the compensation for each shall be assessed separately, by the same or different juries, as the court or judge may direct. In order to enable the court or judge to exercise understandingly the discretion conferred by the statute the reasons for a separate trial should be presented in some proper form, and in order that this court may determine whether or not the discretion of the court has been abused in

any particular case, such reasons should be preserved in the record for our consideration. There is nothing upon the face of the record in this case showing any injury to either of the appellants from this ruling of the court. In such case it will be presumed that the discretion of the court was properly exercised.

It is urged, however, that the proper construction of the statute is, that while separate parcels may be included in one petition these separate parcels must be owned by the same person. This is a strained interpretation of the statute, which cannot be followed by this court. *Concordia Cemetery Ass.* v. *Minnesota and Northwestern Railroad Co.* 121 Ill. 199; *Braun* v. *Metropolitan West Side Elevated Railroad Co.* 166 id. 434; *Bowman* v. *Venice and Carondelet Railway Co.* 102 id. 459.

But it is urged as a reason why a separate trial should be granted as a matter of right, when requested, that one owning a small tract, and being the only person desirous of appealing, might be debarred, practically, from the right to appeal by the enormous expense of including in the record a large volume of evidence having no reference to his particular tract. There is no reason why the bill of exceptions in such case should contain the evidence relating exclusively to the other tracts, and there is no merit in this contention.

*Third*—It is urged that the court erred in sustaining objections to certain questions propounded to witnesses by counsel for appellants. Certain of these questions related to the price for which certain lots had been sold in the vicinity of the Martin tract. Two of these lots were corner lots and all of them were in lands which had been subdivided. The Martin tract had not been subdivided, but is called by the witnesses acre property. The lots in question and the Martin tract were not similarly conditioned, and the price for which the lots were sold was immaterial on the question of the value of the Martin tract. (*Concordia Cemetery Ass.* v. *Minnesota and Northwestern Railroad Co. supra; O'Hare* v. *Chicago,*

*Madison and Northern Railroad Co.* 139 Ill. 151; *Lanquist* v. *City of Chicago,* 200 id. 69.) The question as to whether or not the village was improving was too indefinite, and hence properly disallowed. All questions relating to the location of the naval school were immaterial, there being no evidence to show that such school had been located, as was assumed in the questions. The questions concerning factory sites, how generally acquired, how usually disposed of, and whether usually sold or donated, were all immaterial, as were also those questions as to how certain property near factories in North Chicago rented, and as to the rental demand therefor. One witness was asked what value he placed upon the lots in certain subdivisions in the vicinity of the Peabody tract, and another what he considered those lots worth, and another whether or not the lots in that vicinity ran in his mind at from $100 to $1000 per lot. These questions were all immaterial. Furthermore, they were not inquiries as to the value of the lots, but as to the value placed upon them by the witness, or what he considered them worth or how the matter of values ran in his mind. As to the plans offered in evidence showing a certain manner of subdividing the tracts in question into lots, these were merely illustrative of the testimony of the particular witness and calculated to give undue weight and prominence to his testimony. If, by reason of the supposed adaptability of land for a particular purpose, the land commands a higher price in open market, such fact is to be considered in estimating the value. (*Dady* v. *Condit,* 209 Ill. 488.) But this does not mean that the land is to be valued at what it might become worth after subdivision, but only that its adaptability for subdivision, and the enhanced value thereof because of such adaptability, should be taken into consideration. (*Rock Island and Eastern Illinois Railway Co.* v. *Gordon,* 184 Ill. 456.) In *Sexton* v. *Union Stock Yard Co.* 200 Ill. 244, this court held that it was not error for the trial court to refuse to admit a plat in evidence, the character of

the plat and the circumstances under which it was offered being similar to those in the case before us. The plat in the *Sexton case* was of a possible, and largely imaginary, development of the tract. In that case this court said: "Oral testimony had been received as to the adaptability of the property for such use, and we think the court properly declined to admit the plat or plans in evidence." The same reasoning is applicable to the case before us.

*Fourth*—We see no justifiable reason for interfering with the verdict on the ground that it is not supported by the evidence. The jury visited and inspected the premises, and what they saw was properly considered by them, in connection with all the evidence in the case, in determining the questions of values, benefits and damages. The evidence in the case was conflicting, and there is nothing to show that injustice has been done or that passion of prejudice influenced the action of the jury. In such case the verdict should not be disturbed. *Sexton v. Union Stock Yard Co. supra.*

*Fifth*—Thirty-seven instructions were given to the jury, but the abstract wholly fails to show at whose instance or request, and the record is equally defective in this particular. Exceptions were taken to the giving of twenty-one of them. On the argument in this court the exceptions as to seven of the twenty-one instructions are abandoned. While it might be inferred from some of the instructions that they were given at the request of appellee, yet there are others of a general nature which might very naturally have been requested by either party. Appellants cannot base error upon instructions given at their own request, nor can they have advantage of error in instructions given at the request of the appellee if the same error is contained in their own instructions. This being true, it is important to know at whose request the instructions were given, in order that any alleged error in giving the same may be properly considered. It is not the province of this court to resort to conjecture for the purpose of determining whether an instruction has been given at the

request of appellants, or of one of them, or of the appellee, or of the owners of the other six tracts involved in this proceeding, or by the court of its own motion, but it is the duty of the parties bringing the record to this court to make the alleged errors clearly appear, the rule being that the bill of exceptions is their pleading and must be taken most strongly against them.

The alleged errors in refusing instructions must be regarded as abandoned, inasmuch as the same have not been mentioned in the brief or argument of the appellants.

The judgment is affirmed.     *Judgment affirmed.*