THE VILLAGE OF SHUMWAY

*v.*

JOSEPH LETURNO *et al.*

*Opinion filed February 21, 1907.*

1. EJECTMENT—*effect of plea of not guilty.* A plea of not guilty in ejectment does not put in issue the question of the defendant's possession of the premises nor his claim of title, and the plaintiff is only required, under such plea, to prove title in order to maintain the action.

2. SAME—*when judgment should be entered in favor of plaintiff.* In ejectment by a municipal corporation, where defendant pleads not guilty, if the evidence shows the premises to be a part of a public street the judgment should be in favor of the plaintiff, even though the defendant offers to at once surrender the premises to the village; and it is error to adjudge the defendants not guilty of withholding possession of the premises and to order the plaintiff to pay the costs of the suit.

3. APPEALS AND ERRORS—*appellee cannot complain in absence of cross-errors.* Upon appeal from a judgment in a suit at law, if the appellee did not except to the finding and judgment of the court below and has not assigned cross-errors he is precluded from complaining of adverse rulings of the trial court.

4. SAME—*when Supreme Court will reverse with directions to enter judgment.* If the only error of the trial court consists in the entry of judgment, the Supreme Court, upon reversal, will remand the cause, with directions to enter the proper judgment.

APPEAL from the Circuit Court of Effingham county; the Hon. S. L. DWIGHT, Judge, presiding.

R. C. HARRAH, and BARNEY OVERBECK, for appellant.

WOOD BROS. & RICKELMAN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action in ejectment brought by appellant, against appellees, in the circuit court of Effingham county, to recover possession of a triangular-shaped tract of land in Fourth street at its intersection with Market street, in the village of Shumway, in said county, the same being indicated by dotted lines on the following plat:

Appellees pleaded not guilty, a jury was waived and the case tried before the court, and the following finding and judgment was entered by the court: "That the premises in controversy are a part of one of the streets of the village of Shumway under the dedicatory plat thereof, defendants having in open court recognized said fact and offered to at once surrender said premises to said village as a part of a street; and it appearing that defendants have not otherwise been

disposed, and the court being advised, it is adjudged that the defendants are not guilty of withholding the possession of said premises from plaintiff, and that plaintiff pay the costs of suit,"—to the entering of which judgment appellant excepted and has brought the case to this court by appeal.

Appellant has assigned as error the fact that the court did not find appellees guilty of withholding the premises in controversy and accordingly rendering judgment for appellant, and that the trial court erred in adjudging appellees not guilty of withholding the possession of the premises and in ordering appellant to pay the costs of suit. Appellees by their plea of not guilty did not put in issue the question of possession of the premises by them or that they claimed title or interest in said premises. (2 Starr & Cur. Stat.—2d ed. —chap. 45, sec. 21, p. 1616.) Under this plea appellant was required only to prove title in itself to maintain its action. (*Bradish* v. *Grant*, 119 Ill. 606; *Chicago, Rock Island and Pacific Railway Co.* v. *Hardt*, 138 id. 120.) This it sought to do by the introduction in evidence of a direct chain of conveyances from the government to Fawcett Plumb and a plat made by said Plumb of the village of Shumway, and in addition thereto a deed from Plumb and wife to appellant to the premises in controversy, executed subsequent to the date of the plat. The trial court found that the premises in question were a part of one of the streets of the appellant. Therefore it had made its case and judgment should have been entered in its favor.

Appellees did not except to the finding and judgment of the court and have in this court assigned no cross-errors upon the record. They therefore are precluded from being heard upon the question of the validity of the plat and deed made by Plumb or their admissibility in evidence. The well settled rule is, that it is essential to a review of the ruling of a trial court adverse to the defendant, on an appeal by the plaintiff, that cross-error be assigned by the defendant, and in *Stowell* v. *Spencer*, 190 Ill. 453, which was a suit of

the same nature as the one now under consideration, this court said (p. 454): "While some of the evidence offered to prove the various links in that chain of title was objected to upon the trial, the objections were overruled and the evidence admitted. Defendants have assigned no cross-errors upon this record, and hence cannot be heard to say, as is now contended, that the court improperly admitted that evidence."

The only question open to consideration here is, did the trial court err in entering judgment in favor of appellees? In the opinion of this court it did. It is apparent that the judgment entered by the circuit court is inconsistent with its findings. Appellees by their plea admit possession of the premises, which the court finds to be a part of the streets of appellant. Under such facts the appellees should have been found guilty of wrongfully withholding the possession of said premises, and the fact that they admitted the wrong and offered to surrender the possession of the same could not, in law, prevent judgment from being entered against them.

No error has been assigned questioning the rulings of the trial court in this case prior to the entry of judgment. Where no error has intervened prior to the entry of judgment, but the court has erred in the entry of judgment, it is the practice of this court to reverse the judgment and remand the case, with directions to the trial court to enter the proper judgment therein. *Ogilvie* v. *Copeland,* 145 Ill. 98.

It appearing that the trial court did not enter judgment in this case in accordance with the law and its findings, the judgment of the circuit court of Effingham county will be reversed and the cause remanded to that court, with directions to enter a judgment finding appellees guilty of unlawfully withholding the premises described in the declaration and that appellant recover the possession thereof, and that appellees pay the costs of this suit.

*Reversed and remanded, with directions.*