(100 South. 95)

**HOGG et al. v. FRAZIER.** (4 Div. 998.)

(Supreme Court of Alabama. May 1, 1924.)

**1. Landlord and tenant ☞157(1)—Lease, requiring lessee to fence, held not to require fence where there was existing line fence.**

Lease, requiring lessee to inclose leased lands with good wire fence, did not require construction of another fence on boundary where there already was good line fence.

**2. Landlord and tenant ☞159(1)—Testimony that lessee had kept up line fence held properly admitted in action for failure to fence.**

In lessors' action for lessee's breach of contract to fence, held, that it was not error to permit lessee to show he had kept up existing line fence, especially as testimony to same effect had previously been received without objection.

**3. Appeal and error ☞1057(2)—Exclusion of testimony as to lessors' ownership not questioned by lessee held not prejudicial.**

Where lessors' joint title to land and their right to sue lessee was not questioned, and testimony as to such ownership had been admitted, exclusion of further evidence as to ownership held not prejudicial to lessors.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

Action for breach of contract by J. P. Hogg and another against W. L. Frazier. Judgment for defendant, and plaintiffs appeal. Affirmed.

E. O. Baldwin, of Andalusia, for appellants.

Counsel argue for error in the judgment, but without citing authorities.

A. R. Powell, of Andalusia, for appellee.

No brief reached the Reporter.

GARDNER, J. Suit by appellants against the appellee to recover damages for a breach of a certain written contract entered into between the parties in October, 1915, for the rent of lands therein described, owned by the appellants, and rented to the appellee for a term of five years. In addition to the stipulated amount of rent to be paid each year the lessee agreed to make certain improvements—among them to inclose all the land with a good wire fence. A recovery of damages for a breach of this particular stipulation is sought in counts 3 and 4. No question is presented upon those counts resting upon a breach of other stipulations, and they may be laid out of view.

The defendant insisted that he had fully met all the requirements of the contract, while the evidence for the plaintiffs was to the contrary. The issues thus presented were left to the jury for determination, resulting in a verdict for the defendant, from which the plaintiffs have prosecuted this appeal.

[1] It is insisted by appellants that the plaintiffs were entitled to the affirmative instruction for recovery on account of a breach of the stipulation for inclosing the land with a wire fence, for the reason the evidence showed without dispute the defendant had not constructed a fence on that part of the land which represents the dividing line between the plaintiffs' property and that of one McIntosh.

The defendant's evidence tended to show there was a good wire fence already constructed on the dividing line between the plaintiffs' property and that of McIntosh, and that it was a line fence, to which the defendant connected the fence which he constructed.

The court instructed the jury in his oral charge that, if this fence was on the line, built there as a line fence, and already there as a part of the inclosure of this particular land, then it would not be necessary for the defendant, in order to meet the requirements of the contract, to inclose the land—to build another fence at that particular place. The jury were further instructed, however, that, if this fence belonged to McIntosh, built by him entirely upon his own land, it would not be a line fence, and would not suffice to meet the requirements of the contract. Upon that question the evidence was in dispute, and it is not insisted that the court committed any error in so instructing the jury.

Manifestly, if a good wire fence had already been built as a line fence, inclosing the premises on that side of plaintiffs' property, no occasion arose for the construction of another fence upon the same identical line, and such would not have been demanded under the terms of the contract entered into.

[2] Nor was there error in permitting the defendant to show that he kept up the line fence while he was there, and, indeed, at the time this objection was interposed the witness T. E. Frazier, for the defendant, had previously testified, without objection, to the same effect.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Plaintiffs' title to the land, and their right to prosecute this suit jointly, was not questioned by the defendant, and their joint ownership and the fact they rented this place together to the defendant was testified to without objection. There was, therefore, no prejudicial error committed against the plaintiffs in sustaining the objection to the question asked the witness Jordan as to whether or not the plaintiffs owned this land together.

The remaining assignment of error relates to the action of the court in overruling the motion for a new trial based upon the ground the verdict was contrary to the overwhelming weight of the evidence. The rule by which the court is governed in questions of this character is too well established to require discussion or citation of authority. The evidence was in sharp conflict, and a discussion of it here would serve no useful purpose. Suffice it to say that upon a careful examination we are persuaded the judgment of the court below in this respect should not be here disturbed.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.