(118 So. 506)

## CENTRAL OF GEORGIA RY. CO. et al. v. GROVER.   (6 Div. 918.)

Supreme Court of Alabama.   Nov. 1, 1928.

Nesbit & Sadler, of Birmingham, for appellants.

Altman & Koenig, of Birmingham, for appellee.

SAYRE, J. Appellee had a judgment on account of personal injuries alleged to have been suffered in an accident on appellant's railroad. Plaintiff (appellee) was a passenger.

Defendant brings into question only some rulings of the trial court in administering the adjective law of evidence.

The principal complaint is that the trial court failed to observe the rule, frequently asserted in this court, that the plaintiff in such cases should not be allowed to show that, after the accident and injury, the defendant had repaired or changed the machinery or premises—in this case the track— the defective condition of which is alleged to have caused the injury, as tending to show anterior negligence with respect thereto. A number of cases declaring this rule are cited in Gulf, Mobile & Northern R. Co. v. Havard, 217 Ala. 639, 117 So. 223. As to the first ruling of which appellant complains in this connection, we find that its contention cannot be sustained, for the reason that the answer complained of was in the end excluded by the court.

Appellant's second exception is based upon that ruling which left with the jury the witness Newberry's answer to plaintiff's question: "Was there any repair work or change in the trackage being done down where you were running that commissary?" at a point said to be a quarter of a mile or more from the scene of the wreck. This was error; but we can hardly think the judgment should be reversed on so immaterial and remote a matter.

Several assignments of error are based upon the admission in evidence of the photographs of the locus in quo shown on pages 93, 99, and 103 of the transcript. These photographs, taken two years after the accident were first admitted, as we read the bill of exceptions, on the theory, apparently, that they served to contradict the testimony of defendant's witness Cummings, who, on cross-examination, had testified to the effect that the roadbed at the place of the accident had not been changed. That was not a matter affording proper ground for impeaching or contradicting defendant's witness. But the court had in mind the rule declared by the decisions cited in Gulf, Mobile & Northern R. Co. v. Havard, to which we referred in the outset, ruling that the photographs were not admissible as going to show negligence in the maintenance of defendant's track, and, finally, sustained defendant's objections to each of them. Had they been allowed to remain before the jury for any purpose, we are unable to see that they tended to show more than the fact that defendant, engaged at the time of the accident in a general realignment, and in places relocation, of its track between Birmingham and Columbus, as the evidence showed without dispute, had, in prosecution of that purpose, raised the track at the place of the accident some ten inches, a procedure which had such remote bearing upon the question really at issue between the parties, viz. whether the rail, the breaking of which caused the accident, had broken because insufficiently supported by a rotten tie or two, or because of a latent defect which no inspection could uncover— that issue, we say, was so remotely affected by the evidence in question that the contradiction, which seems doubtful in the bill of exceptions, would not have been allowed to work a reversal of the judgment.

Dr. Gaston testified to his opinion as to the cause of the physical condition in which he found plaintiff upon examination some time—something more than a year— after the accident in which plaintiff claimed to have been hurt. His testimony lent little aid to the solution of the question whether plaintiff's condition had been brought about by the shock of a railroad accident or otherwise—at best, or worst, it indicated that the accident may have been a contributing cause —but it was the testimony of a witness well qualified to express an expert opinion, intelligent though cautious, and it was submitted to the jury without error.

Plaintiff's witness Cleveland was "general master mechanic" for the Southern Railway. He was allowed to state his opinion as

to what "the regulations or rules on a well-regulated railroad are" in respect to the number of spikes used to fasten rails at curves. The accident occurred at a curve. The witness was entitled to speak as an expert. And, to deal with the criticism of the brief, his opinion as to the rule of "a well-regulated" railroad meant a universal affirmative as to railroads, the value of which it was for the jury to determine.

■ It is assigned for error that plaintiff, who deposed to her extensive medical and surgical education and a very considerable practical experience as a professional nurse, was allowed to state that she understood what the doctors mean when they describe the condition in which they found her upon examination. It was quite immaterial whether she understood the doctors' statements as to her case. If it be conceded, as the objection affirmed, that a witness may not testify to his "undisclosed mental state," still plaintiff's statement was so entirely devoid of probable or possible effect upon the issue joined that we are unable to entertain the notion that its admission should work a reversal of the judgment in this cause.

■ So of the objection that counsel for plaintiff, more than once, asked defendant's witness Cummings whether he had ever heard of any railroad company other than the defendant putting up the defense of "transverse fissure"—meaning latent defect in the rail—in a case like this. The court sustained defendant's objection, and that, so far as we are able to see, is a sufficient answer to the argument for error at this point.

■ The court permitted counsel for plaintiff, on cross-examination of defendant's witness Wilmot, conductor of the train on which plaintiff was hurt, to interrogate the witness as follows:

"You assisted Mr. Barber, the claim agent who has been running around over the country working up evidence in the case for the company—you assisted him, haven't you?"

It was proper, of course, to show the interest of the witness. The gist of the objection now made goes to the form of the question as carrying an implication that the witness and the defendant had been doing something not entirely reputable. The witness denied that he had been running around and working up evidence. We are unable to order a reversal on account of the ruling here in question. The objection as to form here presented raises a question of ethical consideration too refined to be available in the determination of legal right—it is a question of good taste rather than law.

Other complaints about the conduct of the trial are of no more compelling force. Irrelevancies were permitted. Apart from the question involved in the matter of the photo-graphs, the chief complaint seems to be that counsel were permitted to speak insinuatingly and disrespectfully of the defense. Nevertheless, the case was by the court submitted to the jury in language which bespoke fair and impartial consideration, and we are unable to say that the general result was wrong, though there was a very considerable weight of testimony to the effect that the accident in question was caused by a latent defect in the rail, and, however that may have been, that plaintiff suffered no injury, and that her subsequent illness resulted from causes for which defendant had no sort of responsibility. But there was also much evidence to sustain plaintiff's case in both of its disputed aspects, and we cannot safely say the jury went astray. The judgment is due to be affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.