(No. 20518.—

The Forest Preserve District of Cook County, Appellant, vs. Charles R. Chilvers *et al.* Appellees.

*Opinion filed June 18, 1931.*

GEORGE A. BASTA, ROSS C. HALL, CHARLES H. WELLS, and IRVIN ROOKS, for appellant.

JOHN D. CLANCY, for appellees.

Mr. COMMISSIONER EDMUNDS reported this opinion:

On November 26, 1928, the Forest Preserve District of Cook county filed its petition in the superior court of Cook county to acquire by condemnation, for forest preserve purposes, a tract of land containing 4.6 acres lying along the west bank of the Des Plaines river and immediately south of Forest avenue, in the village of Riverside. Appellees, the owners of the land, filed original and amended traverses and moved to dismiss the suit. This motion was overruled and the cause went to trial on its merits before a jury. The verdict returned in favor of appellees was set aside and a new trial was awarded. An amended traverse was filed and appellees again moved to dismiss the suit. This motion was overruled and the cause again went to trial before a jury, which heard evidence and viewed the premises. Compensation was awarded appellees in the sum of $64,676.50. From the judgment on this verdict the Forest Preserve District has appealed.

The village of Riverside is platted on both sides of the Des Plaines river. The tract in question is zoned by village ordinance for single-residence purposes, only. There are other residences and a high school a short distance west of it. It is improved with a long one-story stucco building, which has a five-room apartment in the front part and is occupied by the owners, who have resided on the property for many years. The apartment has toilet facilities, hot water heat, city water and electric lights. The rear portion of the building is used for a boat house. South of this

building is a canoe shed having capacity for about 300 canoes, and west of the canoe shed are about nineteen locker rooms, approximately six feet by ten feet in size. There are a garage and chicken house on the property. About 100 or 125 feet south of it is the right of way of the Chicago, Burlington and Quincy Railroad Company. When the present owners moved on the property it was very low and at times the river overflowed and covered almost all of it. For some seventeen years ashes, stone, clay, cans, automobile bodies and debris have been dumped on it and from one-half to two-thirds of it has been filled in, the depth of such fill ranging from a few inches to eighteen feet. Witnesses for appellant valued the property in amounts ranging from $20,500 to $28,725. Values placed upon it by appellees' witnesses ranged from $72,500 to $88,000.

Appellees call upon this court to hold that appellant is not entitled to acquire the land in question because it is not shown to be a natural forest or part thereof or land connecting such forests or parts thereof. Appellant argues that this point was raised before the first trial by the motion made to dismiss the suit after the filing of the special traverse, and that having taken no appeal at that time and another trial on the question of damages having intervened, appellees are precluded from now raising the issue. Whatever propriety there might be in appellant's position under other circumstances, it is sufficient to say that in any event we cannot here undertake to give consideration to appellees' request. The well settled rule is, that it is essential to a review of the ruling of a trial court adverse to the defendant on an appeal by the plaintiff that cross-error be assigned by the defendant. (*Village of Shumway* v. *Leturno,* 225 Ill. 601.) Incorporated in one of the bills of exceptions contained in the record there is an unsigned insertion entitled "assignment of errors," which purports to raise the point in question. Assignments of errors and cross-errors must be written upon and attached to the record after made

up for presentation to this court, (*Schaeffer* v. *Burnett*, 217 Ill. 84,) and this court cannot consider them unless they are signed by appellees or their attorney. (*Wells* v. *Robertson,* 277 Ill. 534.) The present record discloses nothing in the way of assignment of cross-errors which meets these requirements and upon which appellees may rely to raise their contention.

Appellant contends that reversible error was committed in allowing counsel for appellees to ask John B. Harvie, on cross-examination, to state the value of another parcel of real estate which it was not sought to condemn. Harvie had been called by appellant and testified on direct examination that the value of appellees' property was $50 per front foot. On cross-examination he was asked what the Voss property, which lay to the east of appellees' tract, was "worth per front foot," and over objection was allowed to state that it was worth $150. Appellees insist that no error was here committed, invoking to sustain their position the rule stated in *Forest Preserve District* v. *Dearlove,* 337 Ill. 555, where the court said: "It is the settled doctrine of this court that the damages awarded by a jury in a condemnation proceeding will not be disturbed where the evidence is conflicting, the jury views the premises and the amount of compensation fixed is within the range of the evidence, unless there appears to have been a clear and palpable mistake or the verdict was the result of passion and prejudice." This statement was made in dealing with the argument in that case that the verdict was contrary to the evidence and after holding that no error had been committed in rulings on evidence. The contention here made, that improper evidence on the question of value was allowed to get to the jury, presents a different issue altogether and one which cannot be disposed of by application of the rule in question. In our opinion the record discloses reversible error in this connection. In the first place, under settled decisions of this court, an inquiry as to the value of a piece

of land not in issue or being condemned should not be permitted on the hearing. (*Forest Preserve District* v. *Barchard,* 293 Ill. 556.) In the second place, even though counsel's inquiry had been directed to bringing out an actual sale of the Voss property rather than a mere expression as to its value, it would not have been proper. Evidence of voluntary sales of lands in the vicinity and similarly situated is admissible in evidence to aid in estimating the value of the land to be taken, but the party offering the proof must first show that the lands so sold were similar in locality and character to the land sought to be acquired. If the evidence of sales of dissimilar property is permitted to go to the jury in violation of the rule the judgment must be reversed. (*Forest Preserve District* v. *Caraher,* 299 Ill. 11.) In the present case it appears that the Voss property consists of subdivided lots, whereas appellees' property is not subdivided. Lands which are subdivided are not similar to unsubdivided or acre property, and the price of such lots could not be material in fixing the value of the tract in question. (*Chicago North Shore and Milwaukee Railroad Co.* v. *Chicago Title and Trust Co.* 328 Ill. 610.) Moreover, the Voss property is improved with a twelve-flat apartment building, whereas appellees' tract is in the condition above described. Whereas the zoning ordinance permits apartments on the Voss property it permits only single-family residences on appellees' property. Although the properties are only some 300 feet apart, a river separates them, and the business district of the village lies east of the Voss parcel. In any event, mere proximity is not a test. (*Forest Preserve District* v. *Caraher, supra.*) In arguing his case to the jury counsel for appellees referred to the statements elicited by him from Harvie with reference to what the Voss property was "worth" and laid great stress upon them as a proper criterion of value for appellees' tract. Counsel should not have been permitted to bring this estimate of value before the jury, and under all the circum-

stances disclosed we are not warranted in holding that the error thus committed was harmless.

Counsel for appellees contends that the cross-examination in question was proper because its purpose was to show that Harvie's testimony was inconsistent. We cannot accede to this contention. In *Chicago and State Line Railway Co.* v. *Kline,* 220 Ill. 334, *Chicago and State Line Railway Co.* v. *Mines,* 221 id. 448, and *Sanitary District* v. *Corneau,* 257 id. 93, under the guise of testing the knowledge of petitioner's witnesses counsel for defendant put questions referring to sales of other lands which defendant had no right to prove. In all those cases this court condemned such a practice. The action of counsel in the present case in conveying to the jury information which they should not have received was in like manner improper.

Over objection by appellant the trial court permitted appellees to introduce evidence to the effect that the main building on their land had a "replacement cost" of $14,913, without any showing being made that the market value of the property as a whole was enhanced to the extent of such figure or in any other amount. This was error. The proper rule in this connection was laid down in *Forest Preserve District* v. *Caraher, supra,* where it was said: "The appellees had a right to prove what the land was worth, taking account of the fact that there was valuable timber on it, but the evidence was directed as to what could be realized in setting up a saw-mill and sawing lumber and getting it to market on the day the petition was filed, which, of course, was utterly impossible. The rule is that compensation must be estimated for the land as land, with all its capabilities, and if there is timber on it, or coal, oil or other minerals under the surface, they are to be considered so far as they affect the value of the land, but they cannot be valued separately." There is no valid reason for dealing in any different manner with an endowment of artificial nature.

Other alleged errors are assigned by appellant, but inasmuch as they will probably not occur on another trial it is unnecessary to consider them.

The judgment of the superior court is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*