(No. 23875.—

THE COUNTY OF FAYETTE, Appellee, *vs.* ELMER L. WHIT-
FORD *et al.* Appellants.

*Opinion filed December 10, 1936—Rehearing denied Feb. 5, 1937.*

HARRY F. JOHNSON, and ALFRED S. PFAFF, for appellants.

W. FLOYD SONNEMANN, State's Attorney, and WILL P. WELKER. for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Pursuant to resolution of its board of supervisors the county of Fayette filed its petition for condemnation of lands for improvement of a State-aid road, wherein they

sought to condemn 1.30 acres of land belonging to appellants, Elmer L. Whitford and Blossom Whitford, his wife. Another tract belonging to C. Guy Neeper and Margarette Neeper was included in the same proceeding, but they have not appealed. The suit resulted in a verdict and judgment for damages in the sum of $200 for land taken and $300 for damage to land not taken. The Whitfords have appealed.

Appellants assigned nine errors but have abandoned all but four of them by failing to argue. The four which are argued are as follows: (1) That there was no showing of the necessity for the improvement; (2) that there was no proper description or designation of the State-aid route in question; (3) that there was no proof of inability to agree on compensation to be paid before the petition was filed; and (4) alleged errors in respect to the giving and refusing of instructions.

The question as to the necessity for the improvement and the taking of the land in question was decided by the court on a hearing held on defendants' motion to dismiss. The petitioner introduced the records of the various resolutions of the board of supervisors setting forth the necessity and desirability of making the contemplated improvement. The maps and plans for the improvement, copies of which were attached to the petition, were introduced in evidence and carried the approval of the State Highway Department and of the chief highway engineer. These plans disclosed a highway of ordinary width and with ordinary curves, and there was no evidence of any kind to discredit the recital of the board of supervisors that the improvement was a necessary and proper one to be made. On a preliminary hearing such as this, the rule is that where the use to which the property is to be put is a public one the courts will not inquire into the question of its necessity unless there is an apparent abuse of the petitioner's discretion. (*Smith* v. *Drainage District,* 229 Ill. 155.) In the case of *Chicago and Northwestern Railway Co.* v. *Town*

*of Cicero,* 154 Ill. 656, we pointed out that the location of new streets or the extension of old streets is a matter committed by the legislature to the local authorities, and that it could only be an extreme case of oppression or outrage that would justify interference by a court. In the case of *Chicago and Alton Railroad Co.* v. *City of Pontiac,* 169 Ill. 155, we said: "Unless there has been an abuse of power on the part of the city council in passing an ordinance for local improvements the courts are powerless to interfere." These two cases are followed in *Chicago and Northwestern Railway Co.* v. *City of Morrison,* 195 Ill. 271, and many later ones. In the case before us there has been no abuse of discretion, and it is not even contended that the amount of land taken is greater than needed for the improvement.

Appellants' second contention is based upon an error in the description of the beginning of the route in question. In the record of the supervisors' proceedings the route is described as beginning at a point on the village limits of Farina "at or near the N. W. corner of the SW¼ of the SW¼ of section 33, T. 5 N. of R. 4 E. of the 3rd P. M., and extending thence east along the center lines of sections 33, 34, 35, 36," etc. It is perfectly obvious that a line beginning at the northwest corner of the southwest quarter of the southwest quarter of a section could not proceed from thence east along the center line of that section. The "SW¼" in the description is repeated once too often, the road actually beginning at the northwest corner of the southwest quarter of the section. The copies of maps, plans and surveys attached to the petition, however, show clearly where the road begins, and there was no prejudice to the defendants or to the public resulting from this error in the description. It is a rule frequently employed, to reject an obviously false and impossible part of a description which is repugnant to the general intention of the instrument where there is a perfect and sufficient description left after such rejection is made. If the record

of the supervisors be construed together with the maps and plans which they approved the correct description is immediately apparent.

Appellants' contention that there was a failure to prove inability to agree on compensation before the petition was filed is entirely without merit for two reasons: In the first place, there was evidence heard on the preliminary inquiry as to the necessity for the improvement, that the county, through one of its agents, had offered appellants $200 for the necessary ground and that appellants had demanded $1500. This was not controverted and would be sufficient to sustain the judgment. In the second place, even this evidence was unnecessary, as appellants filed their cross-petition for damages to land not taken, and this was a waiver of any question as to whether or not there had been a failure to agree upon compensation prior to the filing of the petition. *Alton and Southern Railroad* v. *Vandalia Railroad Co.* 271 Ill. 558.

On the question of instructions, appellants assert, without any argument for our enlightenment, that three refused instructions should have been given. While the question has probably been waived by failure to argue, it is apparent that one of these three instructions has been definitely condemned by this court, another was covered by a given instruction, and the third was properly refused because not based on any evidence in the case.

A review of the evidence indicates that appellants have been fully and fairly compensated for the land taken and for damage to lands not taken and have not been prejudiced by any error apparent in the record.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*