7 Ill.2d 178 (1955)
130 N.E.2d 175
COUNTY BOARD OF SCHOOL TRUSTEES OF MACON COUNTY, Appellee,
v.
MOLLIE BATCHELDER et al., Appellants.
No. 33632.
Supreme Court of Illinois.
Opinion filed November 23, 1955.
*179 VAIL, MILLS & ARMSTRONG, of Decatur, for appellants.
WEILEPP, WILSON & DYAR, of Decatur, for appellee.
Judgment affirmed.
Mr. JUSTICE KLINGBIEL delivered the opinion of the court.
The county board of school trustees filed a petition in the circuit court of Macon County seeking to condemn 1.45 acres of land for playground and other school purposes. The owner, Mollie Batchelder, and her husband, Charles, filed a traverse and motion to dismiss on the grounds that no effort was made to acquire the land by negotiation and agreement, and that the land sought was *180 not necessary for public use. After a hearing on such issues the court found in favor of the plaintiff and ordered a jury. The jury returned a verdict fixing the compensation at $4750, judgment was entered upon the verdict, and defendants appeal.
The first assignment of error challenges the sufficiency of the evidence at the hearing on the motion. The Eminent Domain Act provides for the taking of property where "the compensation to be paid * * * cannot be agreed upon by the parties interested, * * *." (Ill. Rev. Stat. 1953, chap. 47, par. 2,) and the School Code ordains that whenever any lot is needed by a school district for any educational purpose "and compensation for the lot or parcel of land cannot be agreed upon between the owners thereof and the trustees," the school district may have the compensation determined in the manner provided by law for the exercise of the right of eminent domain. (Ill. Rev. Stat. 1953, chap. 122, par. 14-7.) As a preliminary, therefore, to submitting to the jury the question of compensation the court must determine whether the right of condemnation exists in the particular case. (City of Chicago v. Jewish Consumptives Relief Society, 323 Ill. 389.) The petition filed in this case alleges that the tract in question is necessary for a playground or other school purposes, and that the Board has endeavored to acquire the same by purchase. These allegations are denied by the traverse and motion to dismiss.
To sustain its burden of showing its right to condemn the plaintiff introduced evidence that the tract in question was located 110 feet east of a school building; that in 1942 defendants had leased it to the school for a term of 10 years; that it was used continuously since 1942 as a playground and athletic field; and that in 1953 the school had about 80 more students than it had in 1942, and around 40 more than in 1948. It also appears that a letter dated September 5, 1952, was received by defendants *181 wherein the attorney for the Board made an offer of $500 for the land provided the offer was accepted by September 15; that defendants did not reply to the letter; and that an informal meeting by the Board with Mr. and Mrs. Batchelder was had at which defendants stated they had been negotiating with an oil company about building a service station at the north end of the tract and wanted to retain the north portion for such purpose. There was some discussion about a trade of the north half for a lot in the southeast portion of the school property, and defendants offered to sell the south portion of the tract. No price was mentioned, however, and the meeting ended with a promise by the Board to have another meeting. No further meeting occurred prior to the institution of this suit. The evidence further discloses statements by defendants that they did not know what the property was worth and had no price on it.
As this court observed in City of Chicago v. Lehmann, 262 Ill. 468, "the question whether the particular property sought to be appropriated is necessary for the public use is for the courts. If the necessity does not exist the land cannot be taken, and the property owner would be without the protection to which he is entitled if the determination of a corporation, private or municipal, to take his property conclusively settled the necessity of the taking. If that were so, the law would not require any averment of necessity but only an allegation of intention to take the property. The owner of property may challenge the right to take it by denying the averment of necessity, and the issue so made is a preliminary one, to be decided by the court." Upon careful consideration of the evidence we think the burden of showing necessity has been satisfied in the case at bar. The word "necessary," as used in this connection, is construed to mean expedient, reasonably convenient, or useful to the public, and does not mean "indispensable" or "an absolute necessity." (Dept. of Public Works and Bldgs. *182 v. Lewis, 411 Ill. 242.) A determination of the question of necessity is left largely to the corporation or municipality, and its determination will be rejected only for an abuse of the power. (Dept. of Public Works and Bldgs. v. Lewis, 411 Ill. 242; County of Fayette v. Whitford, 365 Ill. 229.) No such abuse has been shown here.
Defendants' contention that there was a failure to prove inability to agree on compensation before the petition was filed must likewise be rejected. By letter addressed to defendants they were offered the sum of $500 for their land, and no reply was made to the letter. Under such circumstances no further attempt to negotiate was necessary. There was sufficient effort on the part of the Board to agree with defendants. (See County of Fayette v. Whitford, 365 Ill. 229, 232; Public Service Co. v. Recktenwald, 290 Ill. 314; County of Mercer v. Wolff, 237 Ill. 74.) Although the defendants insist the offer was not bona fide, they point to no proof of this other than the inadequacy of amount. Since the evidence shows, in addition to the offer, that a meeting was held by the Board with defendants and that the latter would not put a price on the property themselves, we cannot conclude that the offer was made in bad faith, or that a sufficient attempt to negotiate was not made.
Defendants further assign as error rulings on evidence at the motion hearing which refused to permit them to show (1) that there was unused school-owned land near the school; (2) the amount of rental payable by the Board under the lease; and (3) the discussion if any, during the Board meeting at which, according to the Board's minutes the first mention of condemning defendants' land occurred. It is also assigned as error that at the trial before the jury the court refused to allow defendants to show the course of land values in the area during the preceding several years. No argument or citation of authority is supplied to support any of such assignments of error, however, and we therefore *183 need not consider them. Shell Oil Co. v. Industrial Com. 2 Ill.2d 590, 598; People ex rel. Montgomery v. Lierman, 415 Ill. 32, 43.
The next group of matters complained of concerns rulings on evidence at the jury trial on the question of value. First among these is the objection that defendants were not allowed to show the ease with which the land could be annexed to the village of Warrensburg, thus exempting it from agricultural zoning and enhancing its capacity for future use. Complaint is also made that defendants were prevented from testing, on cross-examination, the qualifications and opinions of two of plaintiff's witnesses. Examination of the motion for new trial fails to disclose that either of these points was mentioned as a ground for the motion. It has long been established that where a party files a motion in writing for a new trial, specifying therein the grounds or reasons for such motion, he will be restricted, in a court of review, to the grounds or reasons specified in such written motion, and will be deemed to have waived all other grounds or reasons for a new trial. (Illinois Central Railroad Co. v. Johnson, 191 Ill. 594.) As we observed in that case: "The purpose to be attained by a motion for a new trial, so far as it relates to errors which are thought to have occurred prior to the rendition of the verdict, is to call upon the trial court to review and reconsider its actions and rulings during the trial, to the end that any error which may have intervened may be corrected by the allowance of a new trial by the trial judge and the necessity avoided of accomplishing that purpose by resort to a court of review by appeal or writ of error. The purpose of a motion for new trial being, therefore, to obviate the necessity of resorting to an appellate tribunal, the soundness of the rule that a party should set forth in the motion for new trial all grounds therefor which he expects to urge in the court of review becomes manifest. If he has good reason for a new trial, every *184 proper consideration demands he should make it known to the first tribunal which has power to grant him a rehearing of his cause."
On the trial before the jury defendants called one Charles Clements, who was examined about two sales of property occurring in 1953. On cross-examination plaintiff elicited that these sales were of subdivided property, and at the insistence of counsel for plaintiff the witness, during the noon recess, went to his home and brought back the deed whereby he acquired the land. When the court reconvened the cross-examination was resumed, the deed being handed to counsel and marked for identification as plaintiff's exhibit 4. Plaintiff's counsel then elicited from the witness testimony about the price he had paid for the property when he purchased it in 1951. At the conclusion of the cross-examination plaintiff moved that the witness's testimony on direct examination as to the price he received for the land be stricken because relating to property not similar in character to defendants' land. The motion was allowed, whereupon defendants' counsel moved that the testimony on cross-examination as to the price paid for the land be stricken because the property, as shown by the deed, had been subdivided at the time it was acquired. Despite a concession by plaintiff that the land was subdivided when the witness bought it, the court overruled the defendants' motion, and this ruling of the court has been assigned as error both in the motion for new trial and in the brief filed in this court.
Plaintiff does not dispute the propositions that lands which are subdivided are not similar to unsubdivided or acre property (see Forest Preserve District of Cook County v. Chilvers, 344 Ill. 573, 577,) and that if evidence of sales of dissimilar property is permitted to go to the jury the judgment must be reversed. (Forest Preserve District of Cook County v. Caraher, 299 Ill. 11.) It is argued, however, that by failing to make an objection when the *185 evidence was offered defendants are deemed to have waived it. Although not seeing fit to supply names or citations, counsel for defendants asserts that "there are numerous cases where a motion to strike, situated as appellants' was herein, has been held to be correctly allowed, or incorrectly overruled." Rule 39 of this court contemplates that an argument be accompanied by the citation of authorities, not merely by a reference to the fact that they exist. In view of defendants' failure in this respect, this court would be justified in assuming they consider the point of little importance, and we would be amply warranted in ignoring it. (See People ex rel. Honefenger v. Burris, 408 Ill. 68, 75; Devine v. Federal Life Ins. Co. 250 Ill. 203, 212; People v. Foster, 288 Ill. 371, 382.) As we said in Hooper v. Fox, 364 Ill. 613, "If questions involved in a case are of sufficient importance to justify this court in deciding them they are worthy of the careful consideration of counsel presenting them." We have, however, considered the point in question, and conclude that the trial court did not err in refusing to strike the testimony in question. An objection to testimony, to be availed of in this court, must be raised in apt time, when the evidence is introduced. (Forest Preserve District of Cook County v. Lehmann Estate, 388 Ill. 416, 430.) While it is true that exceptions to the rule exist where there is lack of opportunity to object, or some other factor making the rule inapplicable, (see Lucas v. United States, 163 U.S. 612, 617,) such is not the case here. Defendants' argument that objection was made at the first opportunity is refuted by the record, which discloses that the ground making such evidence objectionable appeared when the deed was offered, and this occurred before the testimony in question was given. No objection was made by defendants until after the subsequent motion of plaintiff, to strike the testimony on direct, was made and ruled upon. We think it was then too late, and that the trial court properly overruled the motion.
*186 Defendants' final contention is that the court erred in refusing instruction 36, tendered by defendants. This instruction told the jury that "in arriving at the just compensation to be paid to the defendants, you have a right to, and should, consider not only the testimony of the witnesses, and your view of the premises, but also your own knowledge of land values, if any, gained through experience and observation." It is unnecessary to determine the correctness of the tendered instruction. By a substantially similar given instruction the jurors were advised of their right to consider their own observation and experience. Under such circumstances it was not error to refuse the tendered instruction 36. City of Chicago v. Provus, 415 Ill. 618.
Since no reversible error has been shown the judgment of the circuit court is affirmed.
Judgment affirmed.