(No. 35799.—

TRUSTEES OF SCHOOLS OF TOWNSHIP 37 NORTH, RANGE 11, COOK COUNTY, ILLINOIS, Appellant, *vs.* SHERMAN HEIGHTS CORPORATION *et al.,* Appellees.

*Opinion filed October 31, 1960.*

WILLIAM A. REDMOND, and THOMAS A. FORAN, both of Chicago, (ROBERT E. WISS, of counsel,) for appellant.

WILLIAM C. JEROME, of Chicago, (THEODORE ZBIEGIEN, and DONALD HAMILTON, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This case poses the question of the proof required to establish necessity for the taking of property for school purposes by condemnation.

The township school trustees filed a petition to condemn approximately 11 acres of vacant land for the use and benefit of School District No. 210, Cook County, Illinois. The 11-acre tract lies east of and contiguous to the 8½-acre school site of Lemont Township High School operated by the district. Defendant owner of the tract traversed the petition and filed a motion to dismiss and to controvert petitioner's right to condemn, primarily on the ground that there was no necessity for the taking. The trustees offered a certified copy of a resolution of the board of education of the district which provided that "it is necessary and desirable" to acquire the tract and that the property "is necessary, required and needed for the purpose of establishing thereon playgrounds, recreation grounds and athletic fields and for an enlargment of and addition to the Lemont Township High School site and for school and educational purposes." They then stated that the resolution established a

*prima facie* case of necessity and that the burden of showing unreasonable or arbitrary action by the board rested with the defendant. The trial judge, after elaboration of his ideas of what the proof should consist of (including population trends and surveys), ruled that the trustees must introduce further evidence.

This was error. True, the burden of proof on the issue of necessity is upon a petitioner, together with the burden of proceeding, (*City of Chicago* v. *Lehmann,* 262 Ill. 468; *City of Waukegan* v. *Stanczak,* 6 Ill.2d 594; *County Board of School Trustees* v. *Batchelder,* 7 Ill.2d 178,) but where the resolution of the governing body makes a finding of necessity, a *prima facie* case is made. (*Forest Preserve Dist.* v. *Kean,* 298 Ill. 37; *Decatur Park Dist.* v. *Becker,* 368 Ill. 442; *Chicago Land Clearance Com.* v. *Quinn Home Builders,* 11 Ill.2d 111.) It is then the duty of a defendant to proceed or go forward with evidence in support of his contention that there was an abuse of discretion by the governing body. (*Behnke* v. *President and Board of Trustees of Brookfield,* 366 Ill. 516.) The resolution was admitted in evidence and thus a *prima facie* case was made.

Nevertheless, in compliance with the court's ruling, the secretary of the board and the school superintendent were called by petitioner. From their testimony the following facts were established. The original building was constructed in 1925, additions were added in 1952 and 1957, and a third is now under construction. The terrain is hilly and irregular and 99% of the usable property is covered by the building, partial softball diamond and football field. The latter has no spectator seats and is being encroached upon by the last addition. Land to the west, north and south of the present site is improved. Various surveys of the school's need have been made from time to time. The survey prepared by the superintendent shows a steady annual increase in enrollment from 248 in 1954 to 418 in 1959. Projections indicate a gradual increase to 603 by 1964.

Classes are being conducted in the gymnasium until completion of the last addition, at which time there will be sufficient classrooms to take care of present enrollment. The North Central Association recommends a 20-acre minimum for a township high school the size of Lemont.

The only evidence on behalf of the defendants was that of an excavator estimator. He testified that the football field is about 20 feet above the level of the school, that the ball field is 15 feet higher, and that the unused land is an additional 5 feet higher. He stated that the whole area could be levelled for about $4000 at a 2 to 1 slope or into different steps. Nothing further was offered to offset the determination of necessity by the board.

The trial court overruled all allegations of the traverse except the one that the land was not necessary, convenient and desirable for school purpose or any other purpose set forth in the petition, and dismissed the petition.

The question of necessity for taking by eminent domain for public use is legislative and its determination is within the discretion of the corporate body vested with the power to exercise the right. (*Zurn* v. *City of Chicago,* 389 Ill. 114; *City of Chicago* v. *Vaccarro,* 408 Ill. 587.) Such a determination will be disturbed by the courts only where there has been an abuse of power violative of constitutional rights. *County Board of School Trustees* v. *Batchelder,* 7 Ill.2d 178; *Dept. of Public Works and Buildings* v. *Lewis,* 411 Ill. 242.

There is no evidence in this record to show an abuse of power by the board of education. On the contrary, it indicates that the board made the determination only after surveys and study of the needs of the school. Defendants' own witness testified to the irregularity of the unused portion of the existing site, and admitted that he did not know whether it was a limestone ridge.

The defendants have wholly failed to sustain their traverse. Therefore, that portion of the order and judgment

of the circuit court of Cook County sustaining the traverse on allegation of lack of necessity for the taking and dismissal of the petition is reversed and the cause is remanded for trial on the question of the fair cash market value of the property.

*Reversed and remanded, with directions.*