(No. 36238.

WAUKEGAN PARK DISTRICT *et al.*, Appellees, *vs.* THE FIRST NATIONAL BANK OF LAKE FOREST *et al.*, Appellants.

*Opinion filed May 19, 1961.*

Mark Drobnick, of Waukegan, (Robert J. Nolan, and Owen N. Price, of counsel,) for appellants.

Gerald C. Snyder, of Waukegan, (Lewis D. Clark, of Waukegan, of counsel,) for appellee the City of Waukegan, and Frank M. Daly, and Charles L. Whyte, Jr., both of Waukegan, for appellee the Waukegan Park District.

Mr. Justice Klingbiel delivered the opinion of the court:

The city of Waukegan, on behalf of its charter school district, filed a petition in the circuit court of Lake County to condemn a six-acre tract of land for school purposes. In the same court the Waukegan Park District filed a petition to condemn a nine-acre tract for park purposes. The two tracts adjoin each other and have a common ownership. After traverse in each case was overruled they were consolidated for submission to a jury on the question of

compensation. The jury returned verdicts fixing compensation for the six-acre tract at $16,500 and for the nine-acre tract at $24,750. It found there was no damage to the remainder of the land not taken. Judgments were entered on the verdicts, and respondents' motion to vacate was denied. They appeal directly to this court pursuant to section 12 of the Eminent Domain Act. Ill. Rev. Stat. 1959, chap. 47, par. 12.

Respondents assign as error that their traverse of the right to condemn was overruled in each case, that their witnesses were restricted in testifying about sales of comparable property, that the two cases were consolidated for trial, that respondents were not permitted to develop testimony by leading questions, and that they were restricted in their cross-examination of petitioners' witnesses. Respondents also complain that remarks by the trial judge in the presence of the jury displayed bias or prejudice, that they did not receive an adequate hearing on their cross petitions for damage to lands not taken, that improper instructions were given to the jury, and that proper instructions submitted by respondents were refused.

In support of the first contention it is argued as to the school tract that it is on the north end of the district far from the center of population, that it is inadequate in size for school purposes, that there are no means of access to the property, except by going across private property or across the adjoining land being condemned for park purposes, and that for other reasons it is unsuitable for the use in question. As to the tract sought for park purposes the argument is that the land is being taken only for the purpose of a recreation ground for the proposed school to be constructed on the adjoining site, and that it is beyond the power of a park district to condemn for school purposes. It is urged that the inaccessibility of the proposed park from nearby areas shows the land is intended only to provide additional area for the school, and that the proposed

use of recreational funds is a subterfuge to obtain more funds for educational purposes than would be permitted under the taxing and budget powers of the school district.

The evidence on behalf of the petitioners shows that the land sought for school purposes is adequately located for the needs of students in the area, and that access to the property can readily be obtained if it is not already sufficient. As to the land sought by the park district, the record fails to support the claim that the district is condemning it for school purposes. It is unnecessary to discuss at length the evidence relied upon to defeat the power of condemnation in these cases. We have examined it and find therein no basis whatever for denying the authority either of the city or of the park district. The rule is that the necessity for taking by eminent domain for public use is a legislative question, and a determination by the body vested with the power will be disturbed by the courts only where there has been an abuse which violates constitutional restrictions. (*Trustees of Schools* v. *Sherman Heights Corp.* 20 Ill.2d 357; *County Board of School Trustees* v. *Batchelder,* 7 Ill.2d 178; *Poole* v. *City of Kankakee,* 406 Ill. 521.) No such abuse of the power has been shown here.

It is next objected that the testimony of respondent Joseph J. Drobnick, with reference to sales of certain subdivsion lots in groups, was improperly stricken. There was no error in striking the testimony. The property involved in the present proceedings is acreage property which is unsubdivided. The testimony sought to be introduced related to property which had been subdivided into lots. It is well established that the latter is not similar to unsubdivided or acre property and that the price of such lots is not relevant in fixing the value of property such as that in the cases at bar. *Forest Preserve Dist.* v. *Eckhoff,* 372 Ill. 391; *Forest Preserve Dist.* v. *Chilvers,* 344 Ill. 573; *Forest Preserve Dist.* v. *Wallace,* 299 Ill. 476.

The next contention is that respondents were prejudiced,

in their trial of the park district case, by the consolidation of the two cases on the day set for trial of the school case. It appears that on February 15, 1960, the school case was set for trial on the following March 14. On the latter date the court overruled the traverse to the taking of the nine acres by the park board, and consolidated the cases for trial on the question of just compensation. It is argued that while respondents were ready for trial as to the six acres sought by the city, they were unprepared as to the adjoining nine acres sought by the park board. They insist that their witnesses were prepared to testify only as to the former, and that there was insufficient time to prepare and review with the witnesses evidence bearing on the value of a fifteen-acre tract. There was no error in consolidating for trial, under the circumstances disclosed by this record. According to the evidence there was no distinction in value per acre between the six-acre tract and the nine-acre tract. Respondents' attempt to distinguish the two by describing the former as being "low land," as to which comparable sales would not be equally applicable to the other tract, is without support in the record. Respondents' own testimony treated the acreage value of the six-acre tract the same as that of the nine-acre tract. In view of the similarity of the issues and the proof, it would be an unnecessary waste of time and money to require the impanelling of two juries, and respondents have failed to show any impropriety in the consolidation of the two cases.

It is also urged that respondents should have been permitted to develop testimony of "unprepared witnesses" by the use of leading questions. Claiming they were forced to trial without time for preparation, respondents insist their witnesses could have brought out favorable valuations of the tracts if they had been allowed to testify in response to leading questions. Examination of the instances complained of reveals several in which the objections were properly sustained for reasons more fundamental than the mere

form of the question, but even where the only infirmity was the leading character of the question the court was clearly correct in its rulings. "[T]he matter of permitting or excluding such questions is largely and necessarily a matter resting in the sound discretion of the trial court." (*Crean v. Hourigan,* 158 Ill. 301.) This court does not interfere with the exercise of that discretion unless there has been a manifest abuse of it, to the detriment of the party complaining. No such abuse has been shown here. Respondents' contention in the cases at bar is not well taken.

Respondents further contend they were unduly restricted in their cross-examination of petitioner's expert witnesses. They complain that they were not permitted to examine witness Soderquist on whether he was still active in the American Institute of Real Estate Appraisers, on the income status of home owners in the community, on the value of homes in the area, and on the names of persons to whom he had sold real estate; that witness Olson was not allowed to answer whether he bought or sold lots in the area, what kind of homes were in the neighborhood, whether the neighborhood was high class or low class, and so on; and that witness Edwards was not permitted to answer how much he attributed to the cost of improvements in the event a subdivision was developed on the land. We have examined the rulings of the court and find no reversible error therein. While much latitude is allowed in the cross-examination of witnesses testifying to the value of land in this type of case, such latitude does not permit the admission of incompetent testimony. (*City of Mt. Olive* v. *Braje,* 366 Ill. 132, 137.) Respondents' counsel was allowed to cross-examine as to all matters reasonably within the scope of the direct examination. Under such circumstances there is no ground for reversal unless a showing is made that the court abused its discretion in determining the range of cross-examination. (*Dept. of Public Works and Buildings* v. *Pellini,* 7 Ill.2d 367, 373.) There was no abuse of discretion here. We have

also considered respondents' contention that petitioners' witnesses were permitted to bring improper elements to the jury's attention. The witnesses testified to knowledge of comparable property, and their testimony was not shown to have been incompetent.

The next in respondents' series of complaints is that the presiding judge displayed a hostile attitude toward them in the presence of the jury. As examples of remarks said to be objectionable respondents point to the court's admonition to pause long enough to enable the court to rule, and its request of counsel to refrain from making an argument to the jury in the course of the examination of witnesses. Complaint is also made that the court advised counsel to address the witness in the form of a question and not to shout in the courtroom. There is nothing prejudicial in the judge's comments in the course of this trial. Attorneys must remember that they are officers of the court, and that if they fail to conduct themselves with propriety it is the judge's duty to restrain them. The court has a wide discretion in the conduct of a trial, and we find nothing in the record of the present cases to indicate an abuse of that discretion.

Respondents assign as error that they were denied a hearing on their cross-petition for damage to land not sought to be condemned. Their argument is simply that their testimony "relating to damages caused to the remainder" was not allowed to get to the jury, and that on the "physical facts shown by this record" (namely the fact that the land taken is part of a 40-acre tract which is left divided into two parcels) the remaining tracts are rendered valueless. It is said that the piece to the west will be without access to a street, and that as to both there would be greater expense in providing them with utilities and improvements. Contrary to respondents' assignment of error, it is obvious that a hearing was had on the cross-petitions. At the hearing the competent evidence showed, not that the remainder

would be damaged but that it would be benefited. The testimony is undisputed that use of the nine acres for a park will enhance the value of the land to the east, and that the erection of a school on the six-acre tract will enhance the value of the 120-foot strip remaining on the west. The mere fear of contingent injury which may never occur, and the happening of which is speculative and uncertain, is not a showing of damage. (*East St. Louis Light and Power Co. v. Cohen,* 333 Ill. 218.) In the cases at bar the issue went to the jury, which found by its verdict that there was no damage to the remainder. We see no ground whatever in which to disturb that verdict.

Respondents also complain of the instructions. They argue, first, that the giving of petitioners' instruction No. 6 was misleading in that it establishes "a different criterion of value for the sale to a public body through condemnation as opposed to a sale to a private party," and in that it improperly implied to the jury that the owners are or may be unwilling to sell. The instruction told the jury that all private property is subject to the right of the public to take it for public use, and that the respondents should not be allowed anything in addition to just compensation merely because they are or may be unwilling to sell their land. The instruction was not proper. The question of a petitioner's right to acquire property is one with which the jury has no concern (*Public Service Co. of Northern Illinois v. Rietveld,* 320 Ill. 56), and it has been held improper to call the jury's attention to the fact that the land is being taken against the owner's will. (*Illinois, Iowa and Minnesota Railway Co. v. Easterbrook,* 211 Ill. 624.) It is evident, however, that respondents were not harmed by the instruction. The first portion merely stated a proposition of law with which the jury had nothing to do; and the only reason the second part is objectionable is its tendency to excite sympathy for the property owner and to encourage a verdict

in a larger amount than the evidence warrants. Obviously the respondents could have suffered no prejudice thereby.

Respondents set forth seven instructions offered by them and refused by the court. As to each it is argued that error in some respect was committed in rejecting it. We have examined the refused instructions and find that in each instance the instruction was either argumentative, misleading, inaccurate, concerned questions as to which there was no evidence before the jury, or contained subject matter which was covered by given instructions. It would serve no useful purpose to prolong this opinion by discussing them separately.

In the cases at bar the jury viewed the premises, and its verdicts are within the range of the testimony. Under such circumstances the awards will not be disturbed on review unless there is a showing that the verdict was a clear and palpable mistake or the result of passion or prejudice, or that there was some incorrect ruling amounting to prejudicial error. (*City of Mt. Olive* v. *Braje,* 366 Ill. 132.) No such showing has been made here.

The judgments of the circuit court of Lake County are affirmed.

*Judgments affirmed.*