**Department of Public Works and Buildings of the State of Illinois, Petitioner-Appellant, v. Theron A. De Rousse, et al., Defendants-Appellees.**

**Gen. No. 68–3.**

Fifth District.

November 19, 1968.

Rehearing denied December 19, 1968.

William G. Clark, Attorney General of State of Illinois, of Chicago, Frank T. Plattner, Special Assistant Attorney General, of East St. Louis, and John J. Bennett, Division of Waterways, of Springfield, for appellant.

Paul H. Nehrt, Law Offices, Earl H. Sachtleben, of Red Bud, for appellees.

GOLDENHERSH, J.

Petitioner, Department of Public Works and Buildings of the State of Illinois, appeals from the order of the Circuit Court of Randolph County sustaining the traverse of the defendants and dismissing its petition for condemnation. Petitioner seeks to condemn certain lands for navigation, flood control, drainage, levee and water resources purposes.

The traverse raised a number of issues. The final order, as amended, concludes as follows: "It is therefore ordered, adjudged and decreed that the Petitioner is not legally authorized to acquire by condemnation proceedings the lands of the Defendants for failure to properly negotiate under the Law of Illinois, and the Defendants Traverse and Motion to Dismiss is granted to this extent and the remainder of said Traverse and Motion to Dismiss is denied."

Petitioner argues that the evidence shows that the compensation to be paid for or in respect of the property "cannot be agreed upon by the parties interested" as contemplated by chapter 47, section 2, Ill Rev Stats 1967, and the court erred in sustaining the traverse.

Defendants contend that "a bona fide attempt to agree is a prerequisite to the filing of a condemnation petition" and none is shown by the evidence.

It is admitted that with respect to each parcel petitioner had written a letter in which it stated that an appraisal had been made by an independent appraiser of

the fair market value of the land, and based on the appraisal it was offering a stated sum "as payment in full for fee title to the above described property, free and clear of all encumbrances together with all improvements, if any, located thereon."

Each letter concluded with the following paragraphs:

"If you are agreeable to accepting this offer, please indicate such acceptance on the attached copy of this letter and return it to this office within seven (7) days from the date of this letter.

"Unless your acceptance is received within seven (7) days as set forth above, this will be presumed to be a refusal of the State's offer based on an appraisal of the fair cash market value and other action will be initiated to acquire the property."

Robert G. Clem, Chief of the Bureau of Rights-of-Way and Permits for the Division of Waterways, testified that the letters were in the nature of "final offers," after negotiations which extended over a period of three months.

Defendants, DeRousse, Scherle, Hill, and Kuecker, testified that offers had been made orally prior to the receipt of the letters. Their testimony shows clearly that they and petitioner were unable to agree on the price to be paid for the respective tracts.

The principal argument advanced by defendants is that the offers were made for the fee simple title to lands which were encumbered by leases and easements, and acceptance of the offers would place upon the fee owners the burden of clearing the encumbrances. Relying upon Chicago, B. & Q. R. Co. v. Reisch, 247 Ill 350, 93 NE 383, defendants contend that petitioner was required to attempt to purchase each party's interest in the land, and if necessary, to bargain separately for each of the interests. They argue further that the pro-

cedure followed by petitioner was not a bona fide attempt to agree.

■ The statute requires that before exercising the right of eminent domain the condemning authority shall first attempt to agree on the amount of compensation. County Board of School Trustees of DuPage County v. Boram, 26 Ill2d 167, 186 NE2d 275.

■ Upon the authority of County Board of School Trustees of Macon County v. Batchelder, 7 Ill2d 178, 130 NE2d 175, and Peoples Gas Light & Coke Co. v. Buckles, 24 Ill2d 520, 182 NE2d 169, we hold that the record shows a bona fide attempt to agree upon the amount of compensation to be paid for the parcels taken. In each instance a period of negotiation preceded the sending of the letter; there were additional negotiations thereafter with counsel, then representing the owners of one parcel, and presently representing all of the defendants. The letters were received by the defendants on dates three to four months prior to the filing of the petition. The evidence shows petitioner met the requirements of the statute and the trial court erred in sustaining the traverse and dismissing the petition.

The order of the Circuit Court of Randolph County is reversed and the cause is remanded with directions to vacate the orders of October 16, 1967, and November 13, 1967, reinstate the cause, and for further proceedings consistent with the opinion.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.