THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Plaintiff-Appellee, *v.* CARL JENSEN *et al.,* Defendants-Appellants.

(No. 72-8; ▮▮▮▮▮▮▮)

Second District—April 19, 1973.

*Rehearing denied May 31, 1973.*

Mark Drobnick, of Waukegan, for appellants.

William J. Scott, Attorney General, of Chicago, (Loretta C. Didzerekis and John W. Damisch, Special Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE AKEMANN delivered the opinion of the court:

This is an appeal from the trial court judgment in a land condemnation case to determine the value of nine parcels of land in Lake County, Illinois. No cross-complaint was filed in the trial court so the only issue was the value of the land taken. The jury fixed the valuations of the land taken in its verdict and, since the defendants had withdrawn an amount in excess of the verdict returned, a judgment was entered against the

defendants in the sum of $4100 for the excessive withdrawal, from which judgment order this appeal is taken.

Five assignments of error are made by defendants' brief as follows:

(1) that defendants' motion to strike plaintiff's expert testimony should have been granted;

(2) that defendants' offered testimony on comparable sales should have been received;

(3) that plaintiff's expert testimony was in error in contending certain parcels were non-buildable;

(4) that a volunteered statement by one of plaintiff's witnesses constituted reversible error; and

(5) that the trial court's conduct toward defendants' counsel constituted reversible error.

The plaintiff's proof consisted of testimony of a civil engineer employed by the Division of Highways who generally described the relationship of the several properties being condemned to the improvement for which they were taken; three appraisers who qualified as experts on the valuation of the property taken; one witness who purchased property in the immediate area of several of the properties; and a contractor who located sewer lines in the area of the properties and who testified to the purchase and sale of several comparable properties in the area.

The defendants' proof consisted of testimony of a civil engineer who testified on the dimensions of the whole parcels and on the part taken and to the location of sewer lines in the area; one of the defendants who testified to many rezonings for the purpose of rebutting plaintiff's witnesses' testimony on highest and best use being residential and to show probability of rezoning and who also testified to value based on probability of rezoning for business use; a real estate broker and insurance agent, Turowski, with a B.A. degree from Lake Forest College without indication of any additional education or training in appraisal or real estate courses, without membership in any real estate or appraisal associations, or multiple listing service, whose primary sales were to the defendants themselves and whose sales and purchases average eight to ten a year; and another broker, Sutkus, who testified on values of the several parcels, and whose qualifications as an appraiser were at best minimal.

■■ With respect to defendants' first assignment of error, they argue that with regard to several of the parcels, a serious error was made in not describing an adjacent vacated alley as a part of the whole parcel. This contention is not valid for several reasons:

(a) Defendants stipulated to plaintiff's exhibits on the boundaries in question without objection to their now-exclusion of any alley. They cannot lay back and later try to take advantage of a misdescription in which

they acquiesced. There was no proof of discrepancy on the land taken. "The petition, verdict and judgment correctly described the premises, and it is clear from the record that the jury viewed and the witnesses testified concerning the actual premises in question." *Dept. of Public Works & Bldgs. v. Drobnick,* 14 Ill.2d 28, 33.

(b) Defendants neither offered nor made proof of title to one-half the vacated alley. Whether they acquired title to one-half of the vacated alley may be dependent upon the original ownership of the alleyway prior to its dedication as an alleyway.

(c) The alleyway was in the rear of the property while the taking was of a part of the frontage. The presence of a greater or lesser amount of property in the rear would not affect the value of the frontage but would only affect the value of the remainder. Value of remainder or damage to remainder were not in issue in this case.

(d) The defendants' witnesses were permitted to testify concerning the alley area and to contradict plaintiff's experts so that the matter was before the jury.

(e) The discrepancies of square footage testified to by the several expert witnesses were so small as to be virtually negligible and in one or more instances the plaintiff's figures exceeded the defendants' with the alley included.

(f) When defendants were given the opportunity to testify on the subject of the alleyway, the only direction their testimony assumed was to indicate a potential for probable rezoning.

(g) Lastly, we agree with plaintiff that the motion was, in any event, not timely made during or at the conclusion of the testimony of each of the expert witnesses. *City of Chicago v. George F. Harding Collection,* 70 Ill.App.2d 254, footnote p. 274; *Dept. of Bus. & Econ. Develop. v. Schoppe,* 1 Ill.App.3d 313.

■■ With respect to defendants' contention that "comparable" sales should have been received, the rule is fully set forth in *Dept. of Public Works & Bldgs. v. Drobnick,* 14 Ill.2d 28, 34, as follows:

"It is well settled that evidence of voluntary sales of comparable property in the vicinity is admissible in evidence to aid the jury in determining the value of the land to be taken. (*City of Chicago v. Harbecke,* 409 Ill. 425.) However, the party offering the proof must first show that the land so sold was similar in locality and character to the land sought to be acquired. (*Forest Preserve District v. Chilvers,* 344 Ill. 573, 577.) And the matter of admission of comparable sales must be left largely to the discretion of the trial judge. (*Forest Preserve District v. Kercher,* 394 Ill. 11; *Forest Preserve District v. Dearlove,* 337 Ill. 555.)"

■■ True, neither distance nor size are of themselves alone bases for exclusion of comparable sales but, as set forth in defendants' cited cases, are factors to be considered.

In *City of Chicago v. Harbecke,* 409 Ill. 425, 430, it is said:

"With the same frequency with which the issue of similar sales has been raised in this court, we have pointed out that the exact limit either of similarity or difference, or of nearness or remoteness of sale in point of time, is difficult, if not impossible, to prescribe by any arbitrary rule, but must to a large extent depend on the character and location of the property and the circumstances of the case. As a corollary to the foregoing rule, it is likewise held that the question of similarity must be submitted to the trial judge and must rest largely in his discretion. *Forest Preserve Dist. v. Wing,* 305 Ill. 194; *Forest Preserve Dist. v. Caraher,* 299 Ill. 11; *Forest Preserve Dist. v. Barchard,* 293 Ill. 556."

In *Kankakee Park Dist. v. Heidenreich,* 328 Ill. 198, 204, it is said:

"It is incumbent on the party offering proof of sales of other lands to show, as a foundation for its admissibility, that the lands sold were similar in locality, quality, character and usefulness to the lands in question and that the sales were recently made and under circumstances indicating that they were sold freely and in the open market."

No place in the record is there an offer of proof by defendants to show the similarity required by the above cases.

We find no abuse of the trial court's discretion.

■■ Defendants-appellants next contend that plaintiff's expert valuation witnesses were in error in contending the lots were not of sufficient size for buildability. This was their opinion based on the ordinance and on the lack of sewer and water facilities. Certainly we cannot question their right to an opinion. Also, nowhere is there a rule that defendants could not offer counter-evidence, including the ease of bringing sewer and water to the premises and the approximate cost thereof—none of which was offered.

■■■ It seems that defendants expect the plaintiff to accept defendants' theory of the case and present evidence for defendants; and when plaintiffs refuse, to then cry "error." No such obligation exists on the part of plaintiff, nor are defendants justified in inferring any lack of ethics on the part of the condemning authority. No case is cited suggesting that condemnation is not an adversary proceeding.

Defendants' fourth contention suggests that one of the plaintiff's witnesses said, "In all of the appraisals I am in, the people settle up and there is no trial." The statement does not show in the transcript and de-

fendants' counsel purports to make it a part of the record by motion for correction of the record and affidavit in the trial court. His motion was denied, but he now contends it is part of the record and argues the court should have declared a mistrial because of it.

■■ Since the court denied the motion, it is not a part of the record. We take no cognizance of it. There is no protection of the record if it can be so easily altered. *County Board of School Trustees v. Bendt,* 30 Ill.App.2d 329.

To properly evaluate the defendants' fifth contention that the trial court's attitude toward defendants' counsel in the presence and hearing of the jury precluded them from getting a fair trial, we have examined the entire transcript of the record. The words referred to in his brief were spoken and are a part of the record, but much of the rest of counsel's brief is editorializing which cannot come from the written word, such as, "constantly rebuking" and "either shouting at him * * * or * * * was shouting."

■■ The record shows a good deal of admonition to counsel throughout the trial. If the spoken word correctly reflects the facts existing at the time of the speaking, then we believe the admonitions to have been justified and in any event not such as to be highly prejudicial. Attorneys must remember that they are officers of the court and that if they fail to conduct themselves with propriety it is the judge's duty to restrain them. (*Waukegan Park Dist. v. First Nat. Bank,* 22 Ill.2d 238.) It might be observed that the case above cited involved the same attorney.

In oral argument, the defendants also argued that the verdicts were not within the range of the testimony on the low side. We have researched the record and the following chart shows the comparisons of the several witnesses' appraisals for the plaintiff with respect to the parcel numbers and the verdicts. The verdicts are clearly in excess of the lowest appraisal.

| Parcel # | WITNESSES | | | VERDICT |
|---|---|---|---|---|
| | HAYES | SCHWANDT | EDWARDS | |
| 51 | $ 200 | $ 165 | $ 185 | $ 200 |
| 63 | 444 | 225 | 335 | 445 |
| 64 | 200 | 100 | 170 | 185 |
| 80 & 87 | 1655 | 2775 | 2500 | 2215 |
| 83 | 590 | 710 | 520 | 550 |
| 20 | 975 | 1050 | 980 | 1100 |
| 36 | 185 | 175 | 165 | 245 |
| 22 | | 125 | | 225 |

■■ In conclusion, it has been repeatedly held that where in condemnation proceedings the evidence of value is conflicting and the jury having viewed the premises fixes the amount of compensation within the range of the testimony for the land taken, the award will not be disturbed unless there is something in the record which shows that the verdict was a clear and palpable mistake or the result of passion and prejudice, or, unless there was some erroneous ruling which might have misled the jury. *Waukegan Park Dist. v. First Nat. Bk.*, 22 Ill.2d 238; *City of Mt. Olive v. Braje*, 366 Ill. 132; *Dept. of Public Works & Bldgs, v. Drobnick*, 14 Ill.2d 28; *City of Chicago v. Harbecke*, 409 Ill. 425.

The record in this case does not support defendants-appellants' contentions.

A motion to strike the brief and excerpts of defendants-appellants for failure to comply with Supreme Court Rules 341(e), 341(e) (2), 342, and 344(b) was taken with the case. Our decision eliminates the need to rule on this motion.

We do, however, commend to defendants' counsel a comparison of the typing and copying of his excerpts, brief, and argument for the defendants-appellants with that of the brief and argument for plaintiff-appellee. Being most charitable to him, compliance with the Supreme Court Rules is at best minimal.

The judgment of the trial court is affirmed.

Affirmed.

GUILD, P. J., and ABRAHAMSON, J., concur.