THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellee, v. HAZEL F. BRACKEMYRE et al., Respondents—(WALTER BOWMAN et al., Respondents-Appellants.)

(No. 12105;

Fourth District—May 8, 1974.

Summers, Watson & Kimpel and Engert & Sinder, both of Champaign, for appellants.

William J. Scott, Attorney General, of Champaign (William P. Ryan, Assistant Attorney General, and James L. Capel, Jr., Special Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

A petition was filed on October 4, 1965, in the circuit court of Champaign County on behalf of the State of Illinois, to condemn 17.11 acres of defendants' land for the construction of Interstate Highway 74. Defendants filed a cross-petition, alleging the remainder of their property would be damaged by the taking. The cause was tried by a jury, which fixed compensation to the property owners at $14,000 for the land taken and at $10,000 for damages to the remainder.

The State sought condemnation of a portion of defendants' 57-acre tract located adjacent to the eastern limits of the Village of Mahomet. The tract was bounded on the east by the Sangamon River. The sole access to the parcel was via a 200-foot-long, 25-foot-wide easement between the tract and Route 47 to the west. The western portion of the tract consisted of about 10 to 12 acres of even, high land that sloped slightly toward the river. A mobile home plat had been filed for about

7 acres of this portion of the tract, but no mobile homes were located on it. Adjacent to this upland portion of the tract was a 25-acre area that had previously been used for gravel mining. A portion of this was used as a garbage dump at the time of the filing of the condemnation petition. About 10 acres of this portion was filled with ponds in which no garbage was dumped. The remainder of the tract between the gravel mining area and the river had previously been used as a source for the recovery and sale of rich, black soil.

The petitioner introduced three appraisal witnesses whose testimony ranged from $9,500 to $11,800 for the value of the land taken under the petition. Their appraisals of the damages caused to the remainder ranged from $0 to $9,250. Defendants presented two appraisal witnesses, one of which valued the land taken at $53,535 and the other at $56,905.69. Their respective appraisals of damages to the remainder were $31,549 and $28,621.81.

Two issues are presented by this appeal. Defendants contend that the trial court erred in sustaining petitioner's objection to defendants' appraisal witness Barnes' attempts to testify as to the price at which three of the mobile home lots had been purchased. Defendants also claim the trial court erred in refusing to declare a mistrial after one of the petitioner's witnesses testified concerning the sale of the remainder of the tract for $20,000 after the filing of the condemnation petition.

The trial court refused to permit the jury to hear Mr. Barnes' testimony concerning the individual value of each of the 48 mobile-home lots in the platted area. Defendants' offer of proof showed three sales of these lots had been made at $1,000 each.

■■ We find no merit in defendants' contention that they were improperly restricted in presenting their evidence. The record indicates defendants' witness Barnes gave his appraisal of the value of the tract as a whole. During cross-examination and upon redirect examination, the values Mr. Barnes placed upon the various portions of the tract, except for the portion covered by the mobile home plat, were elicited without objection. By implication, one must determine that the witness included the amount of the individual lots in his valuation; thus, it is apparent that defendants received the benefit of this proof whether or not Barnes was allowed to testify specifically as to the value of each lot. Defendants were not prejudiced by the court's ruling. *Forest Preserve District v. Wing*, 305 Ill. 194, 137 N.E. 139.

During redirect examination of Frances Gutschenritter, one of petitioner's appraisal witnesses, he was asked if there would be a purchaser for the remainder of the property not taken by the condemnation. His response was that there would be. On re-cross-examination this witness

was asked if he had inquired as to any buyers for the property. His response was that he had, and he stated he talked to a Mr. Taylor who had paid $20,000 for it. Defense counsel asked two more questions on the same subject following this response. He then asked that the testimony be stricken and the jury ordered to disregard this voluntary statement by the witness. The motion was allowed. On the basis of voluntary production of improper testimony in front of the jury, defense counsel then moved for a mistrial. This motion was denied.

Whether the witness' statement was responsive to the question or not, no error has been committed. The trial court directed that the remark be stricken and the jury was told to disregard it. A condemnation award will be set aside on review and a new trial ordered if the trial court made erroneous rulings which might have misled the jury and which amount to prejudicial error. (*Department of Public Works & Buildings v. Oberlaender*, 42 Ill.2d 410, 247 N.E.2d 888.) Such error is not found in the record in the present case.

■■ The jury heard the testimony and viewed photographs of the premises and their verdict is within the range of the testimony. There has been no clear showing that the verdict was the product of passion or prejudice or affected by palpable error. Therefore, the verdict should not be disturbed. *Department of Public Works & Buildings v. Bloomer*, 28 Ill.2d 267, 191 N.E.2d 245; *Department of Public Works & Buildings v. Jensen*, 11 Ill.App.3d 93, 296 N.E.2d 52.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.