890

THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellee, *v.* ANNA
MARSH *et al.*, Defendants.—(HAROLD H. KUHFUSS *et al.*, Defendants-
Appellants.)

Fourth District   No. 14412

Opinion filed October 7, 1977.

Kuhfuss and Kuhfuss, of Pekin, for appellants.

William J. Scott, Attorney General, of Springfield (William B. Lawrence and Roy E. Frazier, Jr., Assistant Attorneys General, of counsel), for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Petitioner, The Department of Transportation of the State of Illinois, filed a petition for condemnation in the Circuit Court of McLean County to acquire a parcel of farm land for purposes of reconstructing, widening and improving a State highway. Three of the six record owners named as defendants, Harold H. Kuhfuss, William J. Kuhfuss and Alvin L. Kuhfuss, filed a motion to dismiss and traverse alleging (1) that no attempt had been made by the condemnor to acquire their interests by agreement prior to filing the petition, (2) that there was no showing by petitioner as to the necessity of taking a fee simple title rather than an easement, and (3) that the statute authorizing the petitioner to take property is unconstitutional if it permits the taking of a fee simple interest without any public necessity therefor. Following a hearing, the court denied the motion. Judgment fixing just compensation for the taking was subsequently entered. Only the defendants Kuhfuss appeal from that judgment. They do not contest the amount of the verdict but contend that the court erroneously denied their motion to dismiss and traverse.

■■■ Section 2 of the Eminent Domain Act (Ill. Rev. Stat. 1975, ch. 47, par. 2) provides for the taking of property by eminent domain where "the compensation to be paid * * * cannot be agreed upon by the parties interested * * *." Therefore, it is a condition precedent to the exercise of that power that the authority seeking to appropriate the property first attempt to agree with the owners before filing a petition to condemn (*City of Chicago v. Harrison-Halsted Building Corp.* (1957), 11 Ill. 2d 431, 434, 143 N.E.2d 40, 43). In *County of Mercer v. Wolff* (1908), 237 Ill. 74, 80, 86 N.E. 708, 711, the court ruled that in order to fulfill the requirement of an attempt to agree, the condemnor need only make an offer to the owner which is not accepted. More recent cases continue to apply that rule, although some indicate that more negotiations may be required if the defendant makes a counter offer or a request for negotiations. *County Board of School Trustees v. Batchelder* (1955), 7 Ill. 2d 178, 182, 130 N.E.2d 175, 178; *City of Chicago v. Albert J. Schorsh Realty Co.* (1968), 95 Ill. App. 2d 264, 277, 238 N.E.2d 426, 432.

■■ Petitioner's actions in this case were sufficient to satisfy the

requirement of an attempt to agree. At petitioner's request, defendants Kuhfuss admitted that petitioner mailed a letter to each of them informing them of the proposed improvement and offering them $5500 for a fee simple interest in the property described. In response, defendant Harold H. Kuhfuss sent a letter to petitioner stating "This letter is written on behalf of myself, William J. Kuhfuss, and Alvin L. Kuhfuss, and presumably the other owners will agree to the matters herein set forth although I cannot on this date speak for them." The letter then stated that they were willing to accept the amount offered if the taking were limited to an easement rather than a fee title. In a second letter to defendant Harold H. Kuhfuss, petitioner repeated its offer of $5500 for a fee simple interest, stated this was its final offer and gave defendants 10 days to respond. Defendant Harold H. Kuhfuss wrote a second letter to petitioner denying petitioner's right to acquire a fee title to the property and reminding petitioner that no offer had been made for the easement. Petitioner's final letter to defendant Harold H. Kuhfuss stated that no offer would be made for an easement and that petitioner would proceed with plans to acquire a fee title. From these negotiations, it is abundantly clear that the defendants Kuhfuss were unwilling to accept petitioner's offer for a fee interest in the property.

■■ The defendants Kuhfuss also contend that the only offer that was made required the combined acceptance of all owners of the property and that no showing was made that each of these defendants would be unwilling to convey his undivided interest. Although separate offers for undivided interests were not made, we also consider the evidence to be abundantly clear that none of the defendants who have appealed would have been willing to accept petitioner's offer as long as fee simple title was requested.

■■ The defendants Kuhfuss also argue that there were other persons with interests in the property who were not joined as defendants to the suit, that petitioner did not make an offer to them, and that some owners who had only a life estate were asked to convey the property to petitioner by warranty deed. One who was named as a defendant in a condemnation action cannot complain that other interested persons were not made defendants. (*South Park Commissioners v. Livingston* (1931), 344 Ill. 368, 372, 176 N.E. 546, 548.) Neither can a landowner who has rejected the condemnor's offer complain because there was no showing that other joint owners have failed to agree. *County of Mercer v. Wolff.*

Defendants Kuhfuss also contend that petitioner abused the power of eminent domain in this case by taking a fee interest rather than an easement. The property was to be used only as a State highway. Therefore, they argue that it was unnecessary to acquire the underlying

water, mineral and other subsurface rights and that those rights were not acquired for public use.

A similar issue was raised in *City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 604, 129 N.E.2d 751, 757, in which the plaintiff wished to acquire a fee simple title to certain property for construction of a school building. Defendant wished to convey only a determinable fee. In response to defendant's contention that it was unnecessary to acquire a fee simple title, the court stated, "As to the estate taken, the State or its municipal delegatee, may take any property, if for a public purpose, so long as it provides just compensation. Subject to these constitutional requirements, the estate or quantum of interest taken may be the maximum interest in property, the fee simple absolute, if the legislature so determines. (*Sanitary District of Chicago v. Manasse*, 380 Ill. 27.)"

■■ In the instant case, petitioner exercised the power of eminent domain pursuant to section 4—501 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 4—501) which provides in part that the Department of Transportation "may acquire the fee simple title, or such lesser interest as may be desired, to any land, rights, or other property necessary for the construction, maintenance or operation of state highways * * *." The Department of Transportation acted within its constitutional and statutory rights in determining that a fee should be taken.

The trial court was not in error in denying defendants' motion to dismiss and traverse. The judgment is affirmed.

Affirmed.

REARDON and WEBBER, JJ., concur.