THE CITY OF CHICAGO, Plaintiff-Appellee, v. AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 85—3091

Opinion filed August 19, 1986.

Schain, Firsel & Brown, Ltd., of Chicago (Allen I. Brown, of counsel), for appellants.

James D. Montgomery, Corporation Counsel, of Chicago (Judson H. Miner, Mark K. Rochford, and Sharon Baldwin, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Defendants, owners of an adult bookstore, are appealing from the circuit court's holding that they were estopped from filing a traverse or otherwise contesting the entry of a proposed judgment order that had been signed by their previous attorney. The result of the order was that plaintiff city of Chicago's suit for condemnation of defendants' commercial premises was successful.

In 1977, the city of Chicago enacted an Adult Use Ordinance that restricts the location of adult bookstores to areas of the city that are zoned C–2. The premises formerly occupied by defendant, 400 South State Street, was in an area zoned B6–7. Adam Bourgeois, who then represented the defendants, sought to establish that the adult bookstore at 400 South State was a nonconforming, preexisting use and thus entitled to continued operation. He filed suit in Federal district court and won his case. Sheridan Books v. City of Chicago, No. 78 C 2368 (N.D. Ill.).

In the meantime, the city, as part of the South Loop Redevelopment Project, began condemnation proceedings and acquired title to the block that included 400 South State. Defendants obtained from Judge James C. Murray an order that authorized relocation of their business to 350 South State. After defendants bought the building at 350 South State, the city refused to issue permits for an adult bookstore at that location. The city also moved to vacate the court's earlier order allowing defendants to locate at 350 South State on the ground that the court lacked jurisdiction.

The parties then entered into a proposed judgment order, in which the city agreed to enter the necessary permits for defendants' new location. The city also agreed to a change in the Federal court order to show defendants' address as 350 South State. In return, defendants agreed to sell their building at 350 South State to the city for $235,000. This order was entered on February 25, 1983, and allowed defendants to operate at 350 South State until December 31, 1984.

On February 16, 1984, the city filed an action to condemn the property at 350 South State. Defendants' present counsel requested leave to file a traverse. Counsel argued, among other things, that defendants had entered into the proposed judgment order under economic duress.

Hearings were held on May 15 and June 11, 1984. When Judge Murray was appointed as presiding judge of the chancery division, the case was transferred to Judge Benjamin Mackoff. He ruled on August 27, 1985, that defendants were estopped from contesting the condemnation proceedings. Defendants' post-trial motions were denied, and they filed this appeal.

The proposed judgment order, which was incorporated into the trial court's ruling, provides in relevant part:

"To the owner or owners of and party or parties interested in the property legally described as follows: [description] as full compensation to the owner or owners of and party or parties interested in the aforesaid real estate, for the acquisition of fee simple title to said property, for the improvements thereof and all private interests in public roads, streets and alleys which abut said real property, the sum of TWO HUNDRED THIRTY FIVE THOUSAND and NO/100 ($235,000) DOLLARS.

IT IS FURTHER ORDERED AND ADJUDGED, pursuant to agreement of the parties that the award of just compensation for the acquisition of the property herein shall be paid to the County Treasurer of Cook County, Illinois for the use and benefit of the owner *** on or before December 31, 1985 but in no event prior to December 31, 1984, without payment of statutory interest, said statutory interest being waived.

IT IS FURTHER ORDERED AND ADJUDGED, pursuant to agreement of the parties that Petitioner [the City] shall have the right to dismiss this proceeding without prejudice at its sole option at any time prior to deposit of the final award and, that in event of such abandonment, the parties waive any and all rights each against the other arising out of this proceeding including Defendant's rights to reimbursement under the Illinois Code of Civil Procedure, Section 7—123(a). ***"

This agreement was signed by Adam Bourgeois, over the line "Attorney for Defendant," and Earl J. Neal for the city. It was not filed in court or signed by the judge.

■ Defendants argue that the condemnation proceeding is void because the city failed to make a *prima facie* case that public necessity required that it take defendant's property in an eminent domain proceeding. According to defendants, a showing of public purpose is necessary for the court to acquire jurisdiction of this case. It is true that in order to exercise the power of eminent domain, the property must be taken for a public use (17 Ill. L. & Prac. *Eminent Domain*

sec. 4, at 183 (1956)), but jurisdiction, in the sense that it involves the power of a court to hear and adjudicate a proceeding, is not involved.

■ Defendants argue further that because they were not allowed to file a traverse, the city did not have to make a *prima facie* case that its taking was necessitated by the public interest. The government is required to present a *prima facie* showing of reasonable public necessity only in response to the property owner's traverse. (*Department of Transportation v. Keller* (1984), 127 Ill. App. 3d 976, 978, 469 N.E.2d 262.) Here, defendants were estopped from filing a traverse, so there was no burden on plaintiff to demonstrate its public purpose.

■ Moreover, even though the city was under no obligation to do so, it made a *prima facie* case that it was acquiring defendants' property for a valid public purpose. The complaint alleged that the property at 350 South State was being condemned as part of the South Loop Redevelopment Project, an endeavor necessitated by the public interest. "[W]here the right of eminent domain is granted, the necessity for its exercise, within constitutional restrictions, is not a judicial question, and its exercise is not a proper subject for judicial interference or control unless to prevent a clear abuse of such power." (*Department of Public Works & Buildings v. Lewis* (1952), 411 Ill. 242, 246, 103 N.E.2d 595.) The city has not abused its power in this case, so we may not interfere with its condemnation of defendants' property as part of the revitalization of the South Loop.

■ Another argument made by defendants is that the city did not properly compensate them for their property. This contention lacks merit. The proposed judgment order stipulated that defendants would be paid $235,000 for their property, which is the price at which defendants purchased the building in the first place. It is true that as a condition precedent to the exercise of the power of eminent domain, the government must attempt to reach an agreement with the property owner on the terms of compensation. (*Department of Transportation v. Marsh* (1977), 54 Ill. App. 3d 890, 891, 368 N.E.2d 172.) The proposed judgment order reflects that the city complied with its duty in this regard, so defendants cannot successfully complain that they are not being properly compensated for their property.

■ The major issue in this case is the effect to be given the proposed judgment order. Both parties agree that this document gave the city an option to purchase the property at 350 South State. Defendants argue, however, that the document is a contract and that

the trial court should have allowed them to plead and prove their affirmative contract defense of economic duress. The city, on the other hand, does not call the document in this case a contract. According to the city, this is a condemnation proceeding in which defendants were estopped from objecting to the terms of a judgment order to which they had previously agreed. In the city's view, the contract defense proposed by defendants is irrelevant, and the summary proceedings before the trial court were entirely appropriate.

Regardless of how this document is characterized, defendants were not under duress when they entered into the proposed judgment order, and they are thus estopped from filing a traverse against the city's attempt to condemn their property. Duress is defined as "a condition where one is induced by a wrongful act or threat of another to make a contract under circumstances which deprive him of the exercise of his free will." (*Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 185, 182 N.E.2d 706.) It is not duress to institute or threaten to institute legal actions, nor is it duress for a person to assert his legal rights. 25 Ill. 2d 181, 187, 182 N.E.2d 706.

Under this test, defendants fail to establish their defense of duress. They have not shown that the city engaged in any wrongdoing, nor have they shown that plaintiff threatened them with a wrongful action so that they were deprived of their free will. The city did not subject defendants to duress by instituting or threatening to institute legal action, and defendants cannot complain that the city exercised its legal right to issue building permits or condemn property.

In light of the foregoing, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.